Glen LOBAN, Plaintiff–Appellant,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,** Defendant–Appellee.

No. 06–15199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Jan. 2, 2008.

Laurence F. Padway, Esq., Alameda, CA, David J. Linden, Esq., Napa, CA, for Plaintiff–Appellant.

Adrienne C. Publicover, Esq., Charan M. Higbee, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, San Francisco, CA, for Defendant–Appellee.

Before BRIGHT *, FARRIS, and THOMAS, Circuit Judges.

MEMORANDUM **

Glen Loban appeals the district court's ruling following a bench trial denying him long-term disability benefits under an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). As grounds for denying

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

benefits claimed by Loban, the district court held that Loban was not disabled from his regular occupation. We RE-VERSE and REMAND the case to the district court for consideration anew on the issue of whether travel was a material and substantial duty of Loban's regular occupation.

I

Loban was employed by Divine Tower as a Regional Director for Market Deployment. For twenty years Loban suffered from back pain; however, in 2001 he claimed that his pain increased significantly following two accidents. In late 2001, Loban asked his employer for a reduced travel schedule and by early 2002 stopped working entirely.

On his disability claim form, Loban's physician listed disc degeneration and protrusion, spondylolysis, and annular tears as the illness that caused Loban to stop working. In 2002, Loban planned to undergo back surgery to alleviate his back pain. Loban then applied for and was granted disability benefits pending surgery.

However, Loban decided against surgery and opted for conservative treatment from his chiropractor. Upon learning that Loban failed to go ahead with surgery, Prudential reevaluated Loban's disability claim. Prudential concluded that Loban was not disabled within the meaning of the plan and therefore was ineligible for short-term and long-term disability benefits. In denying disability benefits, Prudential found that travel was not a material and substantial duty of Loban's regular occupation.

After exhausting all administrative appeals, Loban filed suit in federal district court claiming that he was disabled under the plan because his back pain made it impossible to travel and travel was a material and substantial duty of his regular occupation. Although the complaint alleges Prudential incorrectly denied Loban short-term and long-term disability benefits, the issue before us relates to the denial of long-term occupational disability benefits for the twenty-four month "own occupation" period of the Prudential policy.[1] Prudential's Group Contract on long-term occupational disability provides in part that a policyholder is disabled if, within the first twenty-four months of disability, "Prudential determines that: you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury."

Reviewing Prudential's decision de novo, the district court concluded that travel was not a material and substantial duty of Loban's regular occupation and therefore determined that Loban was not disabled within the occupational disability provision of the plan.

II

As an initial matter, the district court correctly ruled that it was to review de novo Prudential's disability determination.[2] *Opeta v. Northwest Airlines,* 484 F.3d 1211, 1219 (9th Cir.2007); *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963

---

1. Loban also argues that the district court erred in concluding that "[t]he opinion of plaintiff's treating physician, Dr. Light, is not entitled to more weight than the opinions of other medical providers consulted by Prudential." We reject this argument. *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003)

(holding that district courts are not required to "accord special weight to the opinions of a claimant's physician.").

2. The parties here do not dispute that the de novo standard of review applied before the district court.

(9th Cir.2006) (en banc) (explaining that when an employee benefit plan "does not confer discretion on the administrator to determine eligibility for benefits ... a court must review the denial of benefits de novo regardless of whether the plan at issue is funded or unfunded.") (internal quotations omitted).

On appeal, this Court reviews the district court's conclusions of law de novo. *Saltarelli v. Bob Baker Group Med. Trust,* 35 F.3d 382, 385 (9th Cir.1994). We review the district court's factual findings for clear error. *Silver v. Executive Car Leasing Long–Term Disability Plan,* 466 F.3d 727, 732–33 (9th Cir.2006).

One of the central issues before the district court was whether travel was a material and substantial part of Loban's regular occupation. Prudential and the district court responded in the negative on this issue.

The district court made the following finding of fact on the issue of travel: "Based upon the administrative record, it was reasonable for Prudential to find that travel was not a material and substantial duty of plaintiff's regular occupation."

Loban attacks this finding as applying an improper standard—instead of a de novo review, the district court applied a discretionary standard in making this finding. Moreover, Loban argues that the finding, in any event, is clearly erroneous.

In reviewing the record, we note that the district court adopted Prudential's proposed findings of fact almost wholesale. Although such procedure may not be error, it does require this Court to use "special scrutiny" to determine whether the district court's findings were clearly erroneous. *Silver,* 466 F.3d at 733 (noting that the court will review with "special scruti-

ny" the district court's findings when the district court engages in "the regrettable practice" of adopting one party's findings). We observe that the district court's adoption of Prudential's findings is flawed.

First, the district court's finding does not reflect a complete examination of the record. *See Silver,* 466 F.3d at 734 (noting that the district court's factual findings and legal conclusions should reflect a complete examination of the record and should not disregard significant evidence). Loban submitted a letter from his direct supervisor explaining that as part of his job, Loban was expected to travel "anywhere, anytime, and at any cost to secure business." There is nothing in the record or the district court's order which indicates that the court considered this evidence, which was highly probative on the issue of travel and should have, at the very least, been considered by the district court.

Furthermore, the district court failed to exercise informed and independent judgment by deferring to Prudential's finding on travel. *Silver,* 466 F.3d at 733 ("We have previously emphasized that, when they conduct de novo review, district courts have a responsibility under the ERISA framework to undertake an *independent* and thorough inspection of an administrator's decision.") (emphasis added) (citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 943 (9th Cir.1995)). Such deference is inconsistent with the district court's duty to conduct an independent examination of the administrator's finding.

### III

We remand this case to the district court for additional proceedings to determine whether Loban was disabled from May 12, 2002 through February 12, 2003 and, if so, whether he remained disabled within the meaning of the plan thereafter.[3]

---

**3.** Loban claims long-term occupational disability benefits have not been paid for this time period.

The record before the district court may be insufficient to conduct an adequate de novo review and therefore on remand the parties should be permitted to supplement the record with additional evidence on the travel issue. *See Mongeluzo*, 46 F.3d at 943 (holding that new evidence may be considered by the district court when additional evidence is necessary to conduct a de novo review of the administrator's benefit decision). The record of Loban's actual travel in his work prior to the onset of his disability should be presented to the district court, if available, on remand. Otherwise, testimony or other evidence may suffice.

Therefore, the judgment of the district court is **REVERSED** and we **REMAND** for further proceedings consistent with this disposition.